ON THE MERITS.
The defendants appeal from the judgment condemning them to pay the taxes of the State upon an assessment against them of money at interest and costs. The answer denies that defendants have any property subject to taxation.
The testimony shows that defendants, a foreign firm, conduct a large business in this city as cotton buyers; they have an office, employ clerks, and the expenses of their establishment require the disbursement here of an amount commensurate with the needs of this business. The cotton defendants buy is shipped to the firm, bills of exchange drawn on them negotiated, and thus the funds provided to pay for the cotton purchased. Defendants have a bank account, they deposit the proceeds of the exchange they draw, and check on it for the purposes incident to the business conducted here, as well as for remittances to the firm at their foreign domicile.
The argument for the defendant is that as the means of the firm are derived from the negotiation of the bills of exchange they draw, and are deposited in bank, that these deposits represent all the property of the defendants here, and as deposits are debts due the foreign firm they are not taxable in this State. On this proposition we have the citation of the familiar authorities that debts are taxable only at the domicile of the creditor. Oooley on Taxation, Chapter 1, p. 23; State Tax on Foreign Held Bonds, 15 Wall. 300. While debts of the foreign creditor can not be taxed here, the personal property he possesses in this jurisdiction may be taxed.’ It is well understood that the taxing power is not subject to any limitation based on the principle that the domicile of the owner is that of *1175 his movable property. Cooley on Taxation, pp. 15, 16, 274. Our revenue act proposes to tax all personal property within the State; there is no exception because the owner is a non-resident. Act No. 106 of 1890, Sec. 1. The liability of defendants in this case is not asserted on an assessment of debts due them, but they are assessed on personal property, and the question is whether they had such’ property. The current of the testimony shows, and the implication without testimony would be, that the defendants must have within this jurisdiction an amount of money or property requisite to conduct a business of the magnitude of annual purchases of fifty thousand bales of cotton. There is no proposition in this case to tax the bill of exchange drawn to pay for cotton purchased nor the proceeds of the bill. The nature of the defendant’s business does not at all preclude an assessment on the cash or property held here for business purposes, irrespective of that used for cotton purchases. The assessment supposes that basis and we deem it sufficient to maintain an assessment whether the amount is kept on the premises pf the firm or deposited in bank. The defendants cite the case of Clason & Company vs. the City of New Orleans, 46 An. 1, to sustain their contention; the decision in the Liverpool and London and Globe Insurance Company vs. Board of Assessors, 44 An. 760, is of more direct application. The decision gave full recognition to the exemption from taxation here of debts due the foreign corporations, but maintained the assessment on the cash of the company necessary here for its business purposes. The principle of that decision and of Bluefields Banana Company vs. Board of Assessors, 49 An. 43, applies to this case. The revenue act, in entire accordance with the conceded extent of the taxing power, taxes the movable property of the foreigner. We can not hold that, cash thus liable to taxation is exempted, because for convenience it is deposited in bank and checked on by the owner. It would be a strain to apply to the deposited cash the exemption from taxation accorded to debts in their ordinary significance, due to the foreign creditor.
If there was property of the defendants liable to taxation the assessment was open to correction as to amount within the delay and in the mode pointed out by law. In the absence of any objection from the taxpayer, the assessment becomes final and not subject to review by the courts.
It is therefore ordered, adjudged and decreed that the judgment *1176 of the lower court be reversed, and it is now ordered, adjudged and decreed that the rule of plaintiff be made absolute, and that there be judgment against defendants accordingly at defendants’ costs.
Nicholls, C. J., absent; ill.